IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINSTON STIDHAM, | : | CIVIL ACTION |
| Petitioner, | : | NO. 08-3216 |
| v. | : | |
| DAVID A. VARANO, et al., | : | |
| Respondents. | : | |

**Jones, J.**                                                                                                                             **June 8, 2009**

**MEMORANDUM**

Before the Court are the Objections of Winston Stidham ("Petitioner") (Docket No. 13) ("Objections") to the Report and Recommendation ("R&R") issued on February 20, 2009, by Magistrate Judge David R. Strawbridge (Docket No. 10).  In addition, the Court ordered David A. Varano, *et al*., ("Respondents") to file a brief in response to Petitioner's Objections.  After careful consideration of the foregoing, the Court will adopt Judge Strawbridge's Report and Recommendation in its entirety and decline to issue a Certificate of Appealability.

**I.      Facts**

For the purposes of judicial economy, the Court will not restate the facts of this matter here.  Rather, the Court is satisfied with the factual background as delineated in the R&R, which was based upon Petitioner's form Petition for Writ of Habeas Corpus, Petitioner's Memorandum of Law in support thereof, the District Attorney's Response to the Petition for Writ of Habeas Corpus, and Petitioner's Reply to the District Attorney's Response ("Reply"), and, as necessary, relevant state court documents and the state court record.

1

In his objections to the Magistrate Judge's R&R, Petitioner restates the facts as he presented them at trial. Unlike Petitioner's version, the Commonwealth's presentation of the facts, as reflected in the R&R, is consistent with the record at trial and the Pennsylvania courts' determinations. The Pennsylvania courts' version is presumed correct under the federal habeas statute, and Petitioner can only overcome that presumption by presenting clear and convincing evidence to the contrary. 28 U.S.C.A. § 2254(e)(1) (West 2006); Sumner v. Mata, 449 U.S. 539 (1981). The Court finds that Petitioner has presented no credible evidence to sustain his burden.

Accordingly, the Court will adopt the factual recitation contained in the R&R.

## II.    Procedural Background[1]

Petitioner was found guilty of second degree murder, three counts of robbery, criminal conspiracy, and possession of an instrument of crime after a jury trial held before the Honorable Eugene Clarke, Jr., on July 22, 1997. The convictions followed upon Petitioner's second trial on these charges, after the first resulted in a mistrial when the jury was unable to agree upon a verdict. On October 2, 1997, Judge Clarke imposed a sentence of life imprisonment on the murder conviction, two consecutive terms of 30 to 60 months imprisonment for the robberies, a concurrent term of 30 to 60 months for the criminal conspiracy, and a concurrent term of 6 to 60 months for the possession of an instrument of crime.

After his conviction and sentencing, Petitioner filed a timely direct appeal with the Superior Court of Pennsylvania. That court affirmed the judgment of sentence on July 27, 1999. The Pennsylvania Supreme Court, on March 16, 2000, then denied Petitioner's request for

---

[1] For full citations, see R&R at 1-4.

*allocatur*. Stidham then filed a *pro se* petition on March 8, 2001 seeking relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. Counsel was appointed to represent him, but on November 22, 2002, the PCRA court formally rejected the petition and denied post-conviction relief. Petitioner appealed, and the Superior Court remanded Petitioner's claims back to the PCRA court. Upon remand, the PCRA court, on July 16, 2006, once again rejected Stidham's petition. The Superior Court this time affirmed that decision on October 2, 2007, and the Pennsylvania Supreme Court denied discretionary review on April 16, 2008.

On June 26, 2008, Stidham filed the present habeas action. (Docket No. 1). In his Petition, he set out eight separate Sixth Amendment claims asserting ineffectiveness of trial counsel for: (1) "conceding Petitioner's guilt during his opening statement to the jury;" (2) failure to object to the prosecution's allegedly "discriminatory use of peremptory strikes in jury selection;" (3) failure to object to a particular jury instruction regarding a witness's "prior failures to identify" Petitioner; (4) "failure to secure the appearance at trial of a known and available eyewitness" who, according to Petitioner, would have corroborated Petitioner's trial testimony "in full;" (5) failure to object to an allegedly "leading" supplemental jury instruction; (6) failure to object to the prosecution's elicitation of "an unqualified witness'[s] expert ballistic opinion;" (7) failure to object to the prosecutor's emphasis upon Petitioner's alleged "post-arrest silence;" and (8) "cumulative error." The District Attorney of Philadelphia County (the "District Attorney") filed a Response to the petition on September 30, 2008 (Doc. 7) asserting that the specific claims one through seven were lacking in merit and that the final "cumulative error" claim was unexhausted. (Resp. at 7-23).

3

Magistrate Judge David R. Strawbridge issued an R&R on February 20, 2009. Judge Strawbridge agreed with the District Attorney and recommended that the Petition be dismissed.

### III. Jurisdiction and Legal Standards

The District Court has jurisdiction over Petitioner's application for habeas relief pursuant to 28 U.S.C. 2254(a).

#### A. Habeas Relief

Where a case has been assigned to a Magistrate Judge, the final decision rests with the District Court. Mathews v. Weber, 423 U.S. 261, 271 (1976). A District Court may accept, reject or modify, in whole or in part, any of the Magistrate Judge's findings or recommendations. 28 U.S.C.A. § 636(b)(1) (West 2006). When a petitioner makes timely, specific objections to the Magistrate Judge's R&R, the District Court is required to review any portions of the report that are objected to *de novo*. 28 U.S.C.A. § 636(b)(1) (West 2006); Rules Governing § 2254 Cases, Rule 8(b). Although review of the objections is *de novo*, the Court has broad discretion to rely upon the Magistrate Judge's recommendations to the extent it deems proper. United States v. Raddatz, 447 U.S. 667, 676 (1980).[2]

Whatever recommendations are made, the District Court's power to grant habeas relief is strictly limited by statute. Bell v. Cone, 535 U.S. 685, 693 (2002). A District Court sitting in habeas may only grant relief to a prisoner on a claim that was adjudicated by a state court if the state court's adjudication of that claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

---

[2] When a party fails to make a specific objection to a finding or recommendation, the Court need only review that portion of the R&R for plain error. See Rules Governing Section 2254 Cases, Rule 8(b); Nara v. Frank, 488 F.3d 187, 196 (3d Cir. 2007).

> clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

Under this deferential standard, the Court "must first decide what constitutes clearly established federal law, as determined by the Supreme Court of the United States." Lockyer v. Andrade, 538 U.S. 63, 71 (2003). "Clearly established federal law" refers to the Supreme Court's holdings as of the time of the relevant state court decision. Id. (citations omitted). Once the applicable "clearly established federal law" is identified, the petitioner must show that the state court decision is either "contrary to," or an "unreasonable application of," governing Supreme Court precedent. A petitioner may obtain habeas relief under the "contrary to" clause only if the state court applied a rule different from that set forth by the Supreme Court, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Bell, 535 U.S. at 694. Relief may only be granted under the "unreasonable application" clause if the petitioner shows that, although the state court identified the correct governing legal principle, its application of that principle was not just incorrect – it was "objectively unreasonable." Id.

A petitioner can only obtain relief under 28 U.S.C. § 2254(d)(2) if he demonstrates that no reasonable fact-finder could have reached the same conclusions as the state court. If some reasonable basis exists for the state court's findings, habeas relief may not be granted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

5

The Supreme Court has repeatedly emphasized that the habeas statute prohibits a federal habeas court from deciding a case based on its own independent evaluation of particular claims. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002).  Federal habeas courts are bound by a state court's state law determinations, Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (internal citations omitted), and must presume the state court's factual findings, including any credibility determinations, are correct absent clear and convincing evidence to the contrary.  28 U.S.C.A. § 2254(e)(1) (West 2006).  Federal courts must presume that the state court correctly applied federal law, even if the state court failed to cite or otherwise show an awareness of the relevant Supreme Court cases.  Woodford, 537 U.S. at 19, 24 (2002); Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (explaining that, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent, AEDPA's general rule of deference applies"), cert. denied, Priester v. DiGuglielmo, 543 U.S. 1093 (2005).

**B.     Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668 (1994), the Supreme Court set out the test that a petitioner must satisfy before a court may find that counsel failed to provide effective assistance under the Sixth Amendment.  This same standard has been incorporated by the Pennsylvania courts as the proper basis to consider challenges for ineffective assistance of counsel under the Pennsylvania constitution.  See Commonwealth v. Pierce, 527 A.2d 973, 976 (Pa. 1987) (stating that a petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citation omitted).  To satisfy the second prong of the Strickland test, a petitioner must demonstrate prejudice, and specifically that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have

been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. Counsel cannot be ineffective for failing to pursue meritless claims or objections. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

### C. Certificate of Appealability

Pursuant to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the District Judge is required to make a determination as to whether a Certificate of Appealability ("COA") should issue. Under 28 U.S.C. § 2253(c)(2), a habeas court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."

When a federal court rejects a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. In other words, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

When a federal court rejects a petitioner's constitutional claims as procedurally defective, a COA is not warranted unless the petitioner demonstrates that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. Id.; 28 U.S.C. § 2253(c).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

IV. **Summary of Magistrate Judge's Report and Recommendation Regarding Remaining Claims and Certificate of Appealability**

    A. **Remaining Claims**

(1) Regarding the claim of ineffectiveness of trial counsel for conceding Petitioner's guilt in his opening statements to the jury, the R&R concludes that the Superior Court's determination, in light of the evidentiary record, that a reasonable basis existed for counsel's strategic course of conduct (*i.e.*, choosing to argue for third-degree murder or manslaughter when Petitioner faced a probable conviction for first-degree murder and a death sentence) was objectively reasonable. The R&R also concluded that Petitioner suffered no prejudice in that counsel's action was particularly effective because Petitioner avoided a first-degree murder conviction despite the overwhelming evidence against him; it found that Petitioner was unable to show that, but for counsel's concession of guilt, the outcome of the proceeding would have been any more favorable to Petitioner. Morever, the R&R concluded that Petitioner's assertions regarding the strength of the evidence against him did not approach the level necessary to overcome the "strong presumption" that counsel's conduct "falls within a wide range of reasonable professional assistance."

(2) Regarding the claim of ineffectiveness of trial counsel for failure to object to the

   prosecution's allegedly discriminatory use of peremptory strikes in jury selection, the R&R concluded that, pursuant to the three-step burden shifting analysis set forth in Batson v. Kentucky, 476 U.S. 79 (1986), the conclusion of the state courts was plainly a reasonable application of federal law.  The R&R concluded that the strike rates and exclusion rates resulted in mixed statistical data insufficient to establish a *prima facie* Batson claim.  The R&R concluded that discriminatory intent could not be inferred from the mere existence of the McMahon tape, and thus the Superior Court's rejection of the evidentiary value of the McMahon videotape was also a plainly reasonable application of federal law.  As such, the R&R concluded that any objection to the prosecutions peremptory strikes would have been meritless.  Accordingly, the R&R found that Petitioner was unable to meet either prong of the Strickland standard.

(3) Regarding the claim of ineffective assistance of trial counsel for failure to object to jury instructions regarding a witness's prior failures to identify Petitioner, the R&R concluded that, because Petitioner's assertion is that the trial Court erred as a matter of state law and that counsel was ineffective for failing to object to the trial court's error in its application of state law, it fails because federal habeas corpus relief does not lie for errors of state law and that it is not the province of a federal habeas court to re-examine state court determinations on state law questions.  Accordingly, the R&R concluded that the habeas court was in no position to even consider whether the Superior Court correctly rules that the challenged instruction was proper as a matter of state law.  As such, the R&R

found that Petitioner failed both prongs of the <u>Strickland</u> standard.

(4) Regarding the claim of ineffectiveness of trial counsel for failure to secure a known and available eyewitness favorable to Petitioner, the R&R agreed with the Superior Court's conclusion that Petitioner minimizes the inconsistency between his version of events and that of the witness at issue. As such, the R&R noted that "even if this were a matter of first impression, we would be loathe to second-guess counsel's refusal to call such a witness to the stand." R&R at 23. Accordingly, the R&R concluded the Petitioner failed to meet either prong of <u>Strickland</u> – *i.e.*, Petitioner was unable to show that counsel's refusal was not "within the wide range of professional assistance" or that prejudice resulted from counsel's refusal to call the witness.

(5) Regarding the claim of ineffectiveness of trial counsel for failure to object to allegedly "leading" supplemental jury instructions, the R&R concludes that the ailing instruction, if any, did not so infect the entire trial that the resulting conviction violated due process. The R&R found that, in the context of the overall charge, the mere fact that the trial judge read a portion of the instructions while the stenographer (at the trial judge's express direction) read the other portions could not have infected the entire trial so as to have influenced the jury to return the particular verdict which it returned. The R&R concluded that any objection from counsel to the instruction would have been without merit. As such, the R&R concluded that Petitioner had failed to meet either prong of the <u>Strickland</u> test.

(6)  Regarding the claim of ineffectiveness of trial counsel for failure to object to ballistic opinion offered by an unqualified witness, the R&R concluded that Petitioner failed to set out a single fact regarding the claims (*e.g.*, the substance of the disputed opinion, the witness who testified to that opinion, or why that witness was unqualified).  It is Petitioner's burden, however, to provide supporting facts.  Nonetheless, the R&R noted that Petitioner also failed to present any argument as to why counsel would have been ineffective for failing to object to such a witness or how he was prejudiced as a result of that failure, or why the state court's disposition of this claim was objectively unreasonable.

(7)  Regarding the claim of ineffectiveness of trial counsel for failure to object to the prosecution's reference to Petitioner's alleged post-arrest silence, the R&R reminded it does not follow from Miranda v. Arizona, 384 U.S. 436 (1966) and Doyle v. Ohio, 426 U.S. 610 (1976) that a petitioner who has invoked his post-arrest right to speak about the circumstances of his case may not be confronted with those statements when he presents at trial a version of events inconsistent with his previous version.  Indeed, the R&R noted, the U.S. Supreme Court expressly held in Anderson v. Charles, 447 U.S. 404, 408 (1980) (per curiam) that "Doyle does not apply to cross-examination that merely inquires into prior inconsistent statements."  Instead, the R&R explained, the Supreme Court concluded that impeachment through the use of prior inconsistent statements makes no unfair use of silence, because a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent.  Based on

these principles, the R&R concluded that the cross-examination exchange at issue did not highlight post-arrest silence; rather, it referred to his post-arrest speech, as set out in the letter when Petitioner blatantly attempted to persuade a friend to bribe a Commonwealth witness to "put everything" on a co-defendant who had already been acquitted. As such, the R&R concluded that the impeachment on cross-examination and the reference to that impeachment during closing argument were proper. Accordingly, because an objection would have been meritless and counsel did not act unreasonably, the R&R concluded that Petitioner could not satisfy either prong of the Strickland analysis.

(8) Regarding the claim of ineffectiveness of trial counsel for failing to raise "cumulative error," the R&R concluded that, based upon the failure of Petitioner to raise this claim before the state courts, the claim has not been properly exhausted and is now procedurally defaulted. Moreover, the R&R concluded that Petitioner failed to assert any "cause" to excuse the failure and provided no "new reliable evidence" showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."[3]

### B.   Certificate of Appealability

The R&R concluded that in light of the clear authorities discussed in connection with the claims raised by Petitioner, no reasonable jurist would conclude that the Court incorrectly denied the present petition. Accordingly, the R&R recommended that a COA should not issue.

---

[3] The R&R also noted that if the Court were to reach the cumulative error claim on the merits, it would nonetheless fail because it is merely an aggregation of claims with no merit.

V.   **Petitioner's Objections to the R&R**

The Court, upon careful and independent consideration of the record, agrees with the reasoning and conclusions of the R&R, and therefore, to the extent that Petitioner's Objections simply disagree with those conclusions and reiterate the habeas Petition's claims, the Court adopts the R&R's reasoning and conclusions.

Petitioner also objects, however, to the Magistrate Judge's failure to address a case cited by Petitioner and presents one new argument.

Regarding the "concession of guilt" claim, Petitioner cites to United States v. Cronic, 466 U.S. 648 (1994), for the proposition that such a concession made by counsel without the express consent of the client "automatically ranks as prejudicial ineffective assistance of counsel necessitating a new trial." Objections at 6. This objection fails. First, it is Petitioner's burden under Strickland to prove that counsel did not obtain his consent, and he is not entitled to a hearing to do so because he failed to develop this aspect of his claim in the state courts. Second, Cronic is not applicable here even if Petitioner could prove he did not give express consent for counsel's strategy because, as noted in the R&R, in Florida v. Nixon, 543 U.S. 175 (2004), the Supreme Court specifically noted that Cronic does not dictate a new trial where counsel merely fails to obtain his client's express consent to concede guilt.[4] Stated differently, concessions from counsel, even if one of guilt and without express consent, can be reasonable (and thus in such instances Cronic does not apply). Nixon, 543 U.S. at 192 ("In this light, counsel cannot be

---

[4] Instead, Cronic merely recognizes that a presumption of prejudice may be appropriate where "counsel entirely fails to subject the prosecution's case to meaningful adversary testing…" Cronic, 466, U.S. at 659; see also Wright v. Van Patten, 128 S.Ct. 743, 746 (2008) (discussing Cronic).

deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in "a useless charade") (citing Cronic, 466 U.S., at 656-657, n. 19).[5]  Petitioner's claim must therefore be analyzed under Strickland, and the Court is satisfied with the R&R analysis on that point.

Second, Petitioner now objects to the R&R concerning the "failure to object to discriminatory use of peremptory strikes" claim on the basis that the Magistrate Judge's calculations of the venire population, strike rate and exclusion rate were "unreasonable."  The Court is not persuaded; rather, it is the Court's view that the Magistrate Judge correctly considered the relevant factors and calculations as informed by Abu-Jamal v. Horn, 520 F.3d 272, 290 (3d Cir. 2008).

## VI. Conclusion

For the foregoing reasons, Petitioner's Objections will be overruled, the Magistrate Judge's Report and Recommendations will be approved and adopted, the Petition for Writ of Habeas Corpus will be denied and dismissed with prejudice.  As Petitioner has failed to make a substantial showing of the denial of any constitutional right, a Certificate of Appealability will not issue.

An appropriate Order follows.

---

[5] The Nixon Court also noted that renowned advocate Clarence Darrow famously employed a similar strategy as counsel for the youthful, cold-blooded killers Richard Loeb and Nathan Leopold.  Imploring the judge to spare the boys' lives, Darrow declared: "I do not know how much salvage there is in these two boys. ... I will be honest with this court as I have tried to be from the beginning.  I know that these boys are not fit to be at large."  Attorney for the Damned: Clarence Darrow in the Courtroom 84 (A. Weinberg ed. 1989).